UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELL EVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY & COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant. | Case No. 21-cv-02935-SI<br><br>**ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR TO STRIKE**<br><br>Re: Dkt. No. 17 |

Defendant's motion for judgment on the pleadings is scheduled for a hearing on December 10, 2021. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, defendant's motion is GRANTED in part and DENIED in part.

**DISCUSSION**

**I.   Statute of limitations for 42 U.S.C. § 1983 claims**

The parties dispute whether the statute of limitations for claims under 42 U.S.C. § 1983 is two or three years. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California's statute of limitations period for personal injury torts is two years, and thus the statute of limitations period for § 1983 claims is two years. *See id.*; Cal. Civ. Proc. Code § 335.1. Plaintiff filed her original civil complaint on October 20, 2020, and thus events occurring on or after October 20, 2018 are actionable under her § 1983 claims.

**II.   Disparate treatment discrimination, retaliation and harassment claims**

Defendant contends that the only actions within the statute of limitations that could support Evans' disparate treatment discrimination, retaliation, and harassment claims are: (1) Evans

successfully appealing a performance review rating to the highest possible rating in late 2018; (2) Evans being denied a performance review in 2019; (3) Evans receiving a letter of instruction from her supervisor on March 16, 2020; and (4) Evans repeatedly successfully objecting to working at the Windsor Hotel.[1] Defendant contends that none of these actions are adverse employment actions as a matter of law. Defendant also argues that there is no causal connection for the alleged retaliation.

Evans contends that she has stated a claim and that whether particular actions were adverse or retaliatory raise factual questions that cannot be resolved at this stage of the litigation. The Court agrees for the reasons set forth by Evans in her opposition, including that most if not all of the cases relied upon by defendant were decided on summary judgment or after a trial. Defendant may renew its arguments on a fuller factual record.

Defendant also contends that the alleged adverse actions listed *supra* do not amount to a hostile work environment as a matter of law. Evans counters that, in addition to those four alleged adverse employment actions, she also alleges that she was transferred to work at a racially segregated workplace and that for some time she was required to work two jobs at the same time. *See* Amended Compl. ¶¶ 42-43. Defendant argues that the complaint is unclear as to whether Evans actually worked at two jobs. The Court finds that Evans' allegations are sufficient to state a claim for hostile work environment/harassment and that defendant can explore these issues in discovery.[2]

### III. 42 U.S.C. § 1983 disparate impact

Plaintiff's opposition clarifies that her disparate impact claim is based on the City re-assigning "African-Americans" including Evans "to the newly created Department of Homelessness

---

[1] It is unclear from the papers whether Evans is alleging that she was discriminated against with respect to a January 24, 2020 job posting. *See* Amended Compl. ¶ 29 (alleging that the job notice bore "specific language that prevented Evans from reapplying"). The Court agrees with defendant that the amended complaint does not contain any factual allegations in support of a discrimination claim regarding that job notice, and Evans' opposition does not elaborate. If plaintiff wishes to allege a claim based on the January 24, 2020 job notice, plaintiff may seek to amend the complaint.

[2] For the same reasons, the Court DENIES defendant's motion to dismiss Evans' failure to prevent discrimination or harassment claims.

and Supportive Housing in 2017." Opp'n at 18:10-20 (Dkt. No. 24). However, because the statute of limitations for this claim is two years, *see Maldonado*, 370 F.3d at 954, this claim is not timely. The Court GRANTS defendant's motion to dismiss this claim.

### IV. Retaliation for medical whistleblowing, California Health and Safety Code § 1278.5

Evans alleges that after she reported to the local "Adult Protective Services" agency that a patient engaged in "self-harm" at the Windsor Hotel (a hotel that contracts with the Department of Public Health) she was disciplined. Defendant argues that the Windsor Hotel is not a "health facility" under the statute, that Evans' report of "self-harm" does not qualify as a report of "poor patient care," and that the alleged retaliation she suffered is not an adverse employment action.

The Court concludes that Evans has stated a claim and that defendant's arguments raise factual questions that cannot be resolved on the pleadings.

### V. "Background" allegations

Defendant moves to strike various allegations as time-barred and thus irrelevant. Evans responds that those factual allegations provide background and context. The Court declines to strike the allegations at issue because Evans is not premising her causes of action on the time-barred conduct, and the Court finds that those allegations do provide context. If this case proceeds to trial, the Court can give a limiting instruction to the jury.

### CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED in part and DENIED in part.

**IT IS SO ORDERED**.

Dated: December 7, 2021

_____
SUSAN ILLSTON
United States District Judge